IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| RANDALL H. BROWNING, § | | |
|     Plaintiff, § | | |
| § | | |
| v. § | | CIVIL ACTION NO. H-12-0886 |
| § | | |
| PHH MORTGAGE CORPORATION, § | | |
| *et al.*, § | | |
|     Defendants. § | | |

## MEMORANDUM AND ORDER

This case is before the Court on Defendants PHH Mortgage Corporation ("PHH") and Federal National Mortgage Association's ("Fannie Mae," collectively, "Defendants") Motion for Summary Judgment [Doc. # 23] and Plaintiff Randall H. Browning's Motion for Leave to File First Amended Complaint ("Motion to Amend") [Doc. # 24]. Both motions are ripe for consideration. The Court has carefully reviewed the parties' arguments, the record, and applicable law. The Court **denies** Plaintiff's Motion to Amend and **grants** Defendants' Motion for Summary Judgment.

### I.    BACKGROUND

Plaintiff purchased property located at 5906 Drenner Park Lane in Houston, Texas, on April 12, 2007. Original Pet. [Doc. # 1-7], at 4. Plaintiff obtained a mortgage from Defendant Fannie Mae that was serviced by Defendant PHH. Original Pet., at 15. Plaintiff became unable to make his mortgage payments and defaulted on

his loan. *Id.* Plaintiff received a temporary forbearance of his loan from PHH and, at the end of the forbearance period, sought a modification of his loan through the Home Affordable Modification Program ("HAMP"). *Id.* at 9. According to Plaintiff, he contacted Defendants a number of times about his HAMP application and was told that his paperwork had not been received. *Id.* After Plaintiff resubmitted his paperwork, he was told that his application was being processed. *Id.* at 9-10. Before a decision was made on Plaintiff's HAMP application, his home was posted for foreclosure. *Id.* at 10. The home was sold at a foreclosure sale on December 6, 2011. *Id.* at 15.

On February 23, 2012, Plaintiff filed his Original Petition and Applications for Temporary Restraining Order and Temporary Injunction (the "Original Petition") [Doc. # 1-7] against Barrett Daffin Frappier Turner & Engel, L.L.P ("Barrett Daffin"), PHH, and Fannie Mae in the 11th Judicial District Court for Harris County, Texas. *Id.* at 1-2. On March 23, 2012, Defendants and Barrett Daffin removed the case to the Southern District of Texas. Notice of Removal [Doc. # 1], at 1. Plaintiff filed a Motion to Remand [Doc. # 8] on April 20, 2012, and Barrett Daffin filed a Motion to Dismiss [Doc. # 9] on June 10, 2012. On June 25, 2012, the Court denied Plaintiff's Motion to Remand and Barrett Daffin's Motion to Dismiss for the reasons stated on the record in open court. *See* June 25, 2012 Minute Entry Order [Doc. # 15];

Recording of June 25, 2012 Hearing. At a conference on August 9, 2012, the Court granted Barrett Daffin's unopposed oral motion to dismiss without prejudice. *See* August 9, 2012 Minute Entry Order [Doc. # 18]; Recording of August 9, 2012 Hearing.

On April 8, 2012, Defendants filed a Motion for Summary Judgment [Doc. # 23]. Rather than filing a response, Plaintiff filed a Motion to Amend [Doc. # 24] on April 29, 2013.[1] The Court ordered Defendants to file a response to Plaintiff's Motion to Amend and Plaintiff to file a response to Defendants' Motion for Summary Judgment on or before May 8, 2013. Order, dated May 2, 2013 [Doc. # 26]. Defendants timely filed their response [Doc. # 27]. Plaintiff did not file a response to Defendants' Motion for Summary Judgment, as ordered. On April 4, 2013, Defendants filed a Notice of No Response or Opposition to Motion for Summary Judgment and Request for Entry of Judgment (the "Notice") [Doc. # 28]. Two days later, Plaintiff filed a Response to the Notice [Doc. # 29], arguing that Defendants' Motion for Summary Judgment does not address the theories Plaintiff intended to plead in its Original Petition and requesting "more than a week" to file a response to Defendants' Motion for Summary Judgment if the Court believes the Motion for

---

[1] With the parties' agreement, the deadline to file amended pleadings was October 12, 2012. *See* Scheduling Order [Doc. # 19].

Summary Judgment is ripe for consideration. *See id.* at 2-6. Plaintiff has filed no further responses to Defendants' Motion for Summary Judgement and the time to do so has passed. *See* S.D. TEX. L.R. 7.3, 7.4 .

**II.     DISCUSSION**

    **A.     Motion to Amend to File First Amended Complaint**

In his Original Petition, Plaintiff sues Defendants for breach of contract, for violations of the Texas Financial Code §§ 392.301(a)(8), 392.304(a)(8), and 392.304(a)(19), and to quiet title. Plaintiff raises defenses to acceleration and sale, and seeks a declaratory judgment, a temporary restraining order, and a temporary injunction. Original Pet., at 10-15. Plaintiff seeks leave to amend his Original Petition because he claims he never intended to make some of the allegations addressed by Defendants in their Motion for Summary Judgment. Motion to Amend, at 3-4. According to Plaintiff, amendment is required "to clarify and delete any reference that can be construed as asserting" claims "under the Making Home Affordable Program and under the Fannie Mae Servicing Guidelines." *Id.* at 4.

To determine whether the moving party has established "good cause" for leave to amend after the scheduling order deadline, courts consider: "(1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a

continuance to cure such prejudice." *Marathon Fin. Ins., Inc. v. Ford Motor Co.*, 591 F.3d 458, 470 (5th Cir. 2009) (citations omitted); *S&W Enters., L.L.C. v. SouthTrust Bank of Ala., NA*, 315 F.3d 533, 536 (5th Cir. 2003) (citation omitted). Plaintiff has not shown that amending his Original Petition long after the deadline in the Court's Docket Control Order is warranted.

Plaintiff has not given any reason why he could not have learned of and alleged the facts pertaining to his claims before now, and before the amendment deadline. *See Hawthorne Land Co. v. Occidental Chem. Corp.*, 431 F.3d 221, 227 (5th Cir. 2005) (per curiam) (denying leave to amend under Rule 16(b) where plaintiff failed to demonstrate why a legal theory was not asserted in a previous motion to amend); *Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 340-41 (2d Cir. 2000) (denying leave to amend under Rule 16(b) where plaintiff "had all the information necessary" to support the new claim at the time he filed the lawsuit). Discovery closed on March 29, 2013. *Id.* at 2. Plaintiff first sought to amend his complaint on April 29, 2013—more than six months after the deadline to amend pleadings. *See* Scheduling Order [Doc. # 28], at 1 (setting the deadline to amend pleadings on October 12, 2012). The Court concludes that Plaintiff had ample information to have alleged his "intended" theories well before now.

Further, Plaintiff's proposed amendment would prejudice Defendants. Despite

Plaintiff's contentions to the contrary, *see* Motion to Amend, at 4, this is not an instance where Plaintiff simply seeks to delete an allegation made previously.[2] By "clarifying" the claims in his First Amended Complaint, Plaintiff replaces former theories of recovery with new theories of recovery, changing the bases for his claims for breach of contract and for violations of the Texas Debt Collection Practices Act, TEX. FIN. CODE ANN. § 392.001 *et seq.* Defendants will not have an opportunity to respond to these amendments. The deadlines for Defendants to conduct additional discovery and to file a new dispositive motion incorporating these new theories have passed. Scheduling Order, at 2 (setting the deadline for discovery on March 29, 2013 and for dispositive motions on April 8, 2013, and noting that no extensions of either deadline will be granted). Docket call is currently set for July 11, 2013 [Doc. # 32], and Defendants have filed a Proposed Pretrial Order [Doc. # 10]. Granting a continuance would cause Defendants expense and substantial delay, which are unfair

---

[2] Plaintiff also explains that his amendment is timely because Defendants did not provide earlier notice that Defendants believe Plaintiff's claims were not legally valid. Motion to Amend, at 2-3. Defendants are not required to provide such notice. Plaintiff's failure to plead legally valid claims does not establish good cause to amend his complaint at this late stage. Further, Plaintiff received notice of Defendants' arguments in Defendants' Original Answer, Affirmative Defenses, and Request for Disclosure (the "Answer"). *See* Answer [Doc. # 1-12], at 2-4.

prejudice at this late stage in the litigation. The Court denies Plaintiff leave to file its First Amended Complaint.[3]

### B. Motion for Summary Judgment

#### 1. Summary Judgment Standard

Summary judgment is proper only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with any affidavits filed in support of the motion, show that there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Weaver v. CCA Indus., Inc.*, 529 F.3d 335, 339 (5th Cir. 2008). The moving party bears the burden of demonstrating that there is no evidence to support the nonmoving party's case. *Celotex Corp.*, 477 U.S. at 325; *Nat'l Union Fire Ins. Co. v. Puget Plastics Corp.*, 532 F.3d 398, 401 (5th Cir. 2008). If the moving party meets its initial burden, the non-movant must go beyond the pleadings and designate specific facts showing that there is a genuine issue of material fact for trial. *Littlefield v. Forney Indep. Sch. Dist.*, 268 F.3d 275, 282 (5th Cir. 2001) (internal citation omitted). "An issue is material if its resolution could affect the outcome of the action. A dispute as to a material fact is

---

[3] Even if the Court were to grant Plaintiff's Motion to Amend, Defendants' Motion for Summary Judgment is meritorious for the reasons set forth in Section II.B.2 of this Memorandum and Order.

genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *DIRECT TV Inc. v. Robson*, 420 F.3d 532, 536 (5th Cir. 2006) (internal citations omitted). The Court construes all facts and considers all evidence in the light most favorable to the nonmoving party. *Nat'l Union*, 532 F.3d at 401.

The Court is not required to accept the non-movant's conclusory allegations, speculation, and unsubstantiated assertions which are either entirely unsupported, or supported by a mere scintilla of evidence. *Chaney v. Dreyfus Serv. Corp.*, 595 F.3d 219, 229 (5th Cir. 2010) (citing *Reaves Brokerage Co. v. Sunbelt Fruit & Vegetable Co.*, 336 F.3d 410, 413 (5th Cir. 2003)); *see also Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 399 (5th Cir. 2008) (stating that "conclusory allegations" or "unsubstantiated assertions" do not meet the non-movant's burden); *In re Hinsley*, 201 F.3d 638, 643 (5th Cir. 2000) (explaining that "a party's self-serving and unsupported claim" in an affidavit will not defeat summary judgment where the evidence in the record is to the contrary). The nonmoving party must present specific facts which show "the existence of a genuine issue concerning every essential component of its case." *Am. Eagle Airlines, Inc. v. Air Line Pilots Ass'n, Int'l*, 343 F.3d 401, 405 (5th Cir. 2003) (internal quotation marks and citation omitted). In the absence of any proof, the Court will not assume that the non-movant could or would prove the necessary facts. *Little v. Liquid Air Corp.,* 37 F.3d 1069,

1075 (5th Cir. 1994) (*en banc*) (citing *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990)). Although the Court may consider other materials in the record, the Court only needs to consider cited materials. FED. R. CIV. P. 56(c)(3).

    **2.    Analysis**

        **i.    Breach of Contract**

Plaintiff's Original Petition appears to argue that (1) PHH breached the security instrument by failing to send a notice of default that listed the specific actions Plaintiff could take to cure the default and (2) PHH breached the Servicing Guidelines by failing to offer Plaintiff the chance to obtain a modification through HAMP, to obtain "a Fannie Mae Modification," or to cure the default through another means. Original Pet., at 10-11. Specifically, Plaintiff argues that "PHH accepted Plaintiff's offer to apply for a HAMP modification and, even though Plaintiff followed the specific requirements to cure the default, PHH proceed to foreclosure upon his home. In doing so, PHH breached the terms of the security instrument." *Id.* at 11.

To prevail on a breach of contract claim, Plaintiff must establish: "(1) the existence of a valid contract; (2) that the plaintiff performed or tendered performance; (3) that the defendant breached the contract; and (4) that the plaintiff was damaged as a result of the breach." *Bridgmon v. Array Sys. Corp.*, 325 F.3d 572, 577 (5th Cir. 2003) (quoting *Frost Nat'l Bank v. Burge*, 29 S.W.3d 580, 593

(Tex. App.—Houston [14th Dist.] 2000, no pet.)). "Under Texas law, if one party to a contract breaches, there is no obligation for the non-breaching party to continue performance." *United States* ex rel. *Wallace v. Flintco Inc.*, 143 F.3d 955, 968 (5th Cir. 1998) (citations omitted).[4] Therefore, "[u]nder well-established principles of Texas contract law, that material breach would normally prevent [the breaching party] from maintaining a breach-of-contract claim." *Thomas v. EMC Mortg. Corp.*, 499 F. App'x 337, 341 (5th Cir. Nov. 30, 2012) (unpublished) (citing *Dobbins v. Redden*, 785 S.W.2d 377, 378 (Tex. 1990)).

Plaintiff's nonpayment is a breach of his obligations under the promissory note and the associated security instrument, seminal documents in the mortgage relationship. Original Pet., at 4-6, 10. Plaintiff's breach preceded any alleged breach by PHH. Indeed, Plaintiff admits that he became delinquent on his mortgage payments to PHH before PHH engaged in conduct that was allegedly in breach. *Id.* at 10. Because Plaintiff failed to perform his payment obligations under the security instrument, any alleged subsequent breach of PHH's obligations under that agreement is excused. Defendants are entitled to dismissal of Plaintiff's breach of contract

---

[4] *See also Martin K. Eby Const. Co., Inc. v. Dallas Area Rapid Transit*, 369 F.3d 464, 470 (5th Cir. 2004); *Hernandez v. Gulf Group Lloyds*, 875 S.W.2d 691, 692 (Tex. 1994) ("A fundamental principle of contract law is that when one party to a contract commits a material breach of that contract, the other party is discharged or excused from any obligation to perform." (citing *Jack v. State*, 694 S.W.2d 391, 398-99 (Tex. App.—San Antonio 1985, writ ref'd n.r.e.))).

claim.[5]

### ii. Texas Finance Code §§ 392.301 and 392.304

Plaintiff contends that Defendants are debt collectors who violated three subsections of the Texas Debt Collection Practices Act by threatening to take, and taking, an action prohibited by law—foreclosing on the Plaintiff's property without properly considering him for a loan modification—and by refusing to provide the total amount due on Plaintiff's loan or a payoff quote. Original Pet., at 11-12. Under the Texas Debt Collection Practices Act, consumers, *i.e.*, "individuals who have consumer debt," have standing to bring suit against a debt collector, which is "a person who directly or indirectly engages in debt collection" or "who sells or offers to sell forms

---

[5] Further, HAMP does not create a private right of action, and individual borrowers lack standing to challenge compliance with HAMP agreements. *See, e.g.*, *Hung Quang Tran v. BAC Home Loans Servicing, LP*, No. 4:10-cv-03514, 2011 WL 5057099, at *3 (S.D. Tex. Oct. 24, 2011) (Ellison, J.) (collecting cases) (summary judgment granted); *Cade v. BAC Home Loans Servicing, LP*, No. H-10-4224, 2011 WL 2470733, at *2 (S.D. Tex. June 20, 2011) (Miller, J.) (collecting cases) (dismissed third-party beneficiary and promissory estoppel claims based on alleged failure to comply with HAMP); *Akintunju v. Chase Home Fin., LLC*, No. H-11-389, 2011 WL 2470709 (S.D. Tex. June 20, 2011) (Rosenthal, J.); *see also Simon v. Bank of Amer., N.A.*, No. 10-cv-00300, 2010 WL 2609436, at *10 (D. Nev. June 23, 2010) (Navarro, J.) (dismissed wrongful foreclosure claim based on alleged failure to comply with HAMP). Although these cases have focused on a plaintiff's claims for third party beneficiary, promissory estoppel, breach of good faith and fair dealing, or wrongful foreclosure, the reasoning of these cases—principally, that the government is the only party that has the right to enforce compliance with HAMP—also applies to exclude an individual borrower's subsection 392.301(a)(8) debt collection claim based on alleged failure to comply with HAMP guidelines. *See Cade*, 2011 WL 2470733, at *2.

represented to be a collection system, device, or scheme intended to be used to collect consumer debts." TEX. FIN. CODE ANN. § 392.001(1), (6). "'Consumer debt' means an obligation, or an alleged obligation, primarily for personal, family, or household purposes and arising from a transaction or alleged transaction." TEX. FIN. CODE ANN. § 392.001(2).

### a.     Subsection 392.301(a)(8)

Plaintiff's Original Petition alleges that "[a]s a participating servicer in the HAMP program[,] *BAC* violated Subsection (a)(8) when it threatened to take action to foreclose on the property without properly considering the *Blonders* under the HAMP, HAFA, and the Fannie Mae proprietary default curing options." Original Pet., at 12 (emphasis added). The references to "BAC" and "the Blonders" appear to be artifacts from the pleadings in a different case. Even assuming Plaintiff intended to refer to "PHH" and "the Brownings," respectively, his claim fails.

Texas Finance Code § 392.301(a)(8) prohibits a debt collector from "threatening to take an action prohibited by law." Subsection 392.301(b)(3) provides that subsection 392.301(a) does not prohibit a debt collector from "exercising or threatening to exercise a statutory or contractual right of seizure, repossession, or sale that does not require court proceedings." Plaintiff has offered no evidence that PHH lacked a contractual right to foreclose upon a borrower's default under the note and

deed of trust or that foreclosure is prohibited by law.[6] *See Watson v. Citimortgage, Inc.*, No. 4:10-cv-707, 2012 WL 381205, at *8 (E.D. Tex. Feb. 3, 2012) (Schell, J.) ("Foreclosure is not an action prohibited by law."). Defendant's Motion for Summary Judgment is granted on Plaintiff's subsection 392.301(a)(8) claim.

### b. Subsection 392.304(a)(8)

Plaintiff contends that PHH misrepresented the character, extent, or amount of his debt by failing to disclose the total amount due or to provide a "payoff quote" to Plaintiff. Texas Finance Code § 392.304(a)(8) provides that "in debt collection or obtaining information concerning a consumer, a debt collector may not use a fraudulent, deceptive, or misleading representation that employs the following practices: . . . (8) misrepresenting the character, extent, or amount of a consumer debt, or misrepresenting the consumer debt's status in a judicial or governmental proceeding." In order to constitute a misrepresentation, Defendants must have made a false or misleading assertion. *Bellaish v. Chase Home Fin., LLC*, No. H-10-2791, 2011 WL 4902958, at *2 (S.D. Tex. Oct. 14, 2011); *Reynolds v. Sw. Bell Tel., L.P.*, No. 2-05-356-cv, 2006 WL 1791606, at *7 (Tex. App.—Fort Worth June 29, 2006,

---

[6] Conversely, it appears from Plaintiff's pleadings that Defendants had the right to foreclose on Plaintiff's property. According to Plaintiff, Fannie Mae held Plaintiff's deed of trust. Original Pet., at 6. PHH was Fannie Mae's servicer and was permitted to act for Fannie Mae regarding Plaintiff's promissory note and security instrument. *Id.* at 6, 10.

pet. denied). In the Original Petition, Plaintiff alleges that "neither PHH nor [Barrett Daffin], despite repeated demands by the Brownings, would account for the total amounts due or provide a payoff quote." *See* Original Pet. [Doc. # 1-7], at 12. Plaintiff has offered no evidence that PHH made a false or misleading assertion. Accordingly, Defendants' Motion for Summary Judgment is granted on Plaintiff's Texas Finance Code § 392.304(a)(8) claim.

### c.   Subsection 392.304(a)(19)

Plaintiff asserts that PHH violated Texas Finance Code § 392.304(a)(19) by promising to consider him for a modification but not doing so. Original Pet., at 12. Subsection 392.304(a)(19) prohibits "using any other false representation or deceptive means to collect a debt or obtain information concerning a consumer." TEX. FIN. CODE § 392.304(a)(19). Plaintiff has not pointed to any evidence that would permit a reasonable trier of fact to conclude that Defendants promised to consider Plaintiff for a loan modification or that the alleged promise constitutes a false representation or deceptive means of collecting a debt. He merely alleges, with no evidentiary support, that PHH stated that Plaintiff would be considered for a loan modification and then misplaced Plaintiff's loan modification application materials. Original Pet., at 12. Defendants' Motion for Summary Judgment is granted on Plaintiff's Texas Finance Code § 392.304(a)(19) claim.

### iii.  Quiet Title

To recover on a claim to quiet title, Plaintiff must prove that he has superior title to the property over Defendants. *See Rogers v. Ricane Enters.*, 884 S.W.2d 763, 768 (Tex. 1994). Plaintiff may not simply rely on the weakness of his adversary's title but "must prove and recover on the strength of his own title." *Fricks v. Hancock*, 45 S.W.3d 322, 327 (Tex. App.—Corpus Christi 2001); *see also Turner v. AmercaHomeKey Inc.*, No. 12-10277, 2013 WL 657772, at *2 (5th Cir. Feb. 22, 2013) (citations omitted). "As a result, 'the plaintiff has the burden of supplying the proof necessary to establish his superior equity and right to relief.'" *Morlock, L.L.C. v. JP Morgan Chase Bank, N.A.*, No. 12-20623, 2013 WL 2422778, at *1 (5th Cir. June 4, 2013) (citations omitted). Plaintiff has not made this showing. The Court grants Defendants' Motion for Summary Judgment as to Plaintiff's quiet title claim.

### iv.  Declaratory Judgment

Plaintiff appears to seek a declaratory judgment that "the foreclosure sale conducted on December 6, 2011, was done in contravention with [sic] the terms of the security agreement and therefore should be set aside." Original Pet., at 15. In deciding the legal viability of a declaratory judgment claim, "[a] federal district court must determine: (1) whether the declaratory action is justiciable; (2) whether the court has the authority to grant declaratory relief; and (3) whether to exercise its discretion

to decide or dismiss the action." *Sherwin-Williams Co. v. Holmes Cnty.*, 343 F.3d 383, 387 (5th Cir. 2003) (citations omitted). For the Court to grant declaratory relief, there must be a "substantial and continuing controversy between two adverse parties" and "a substantial likelihood that [the Plaintiffs] will suffer injury in the future." *Bauer v. Texas*, 341 F.3d 352, 358 (5th Cir. 2008). "[T]he Declaratory Judgment Act is a procedural device that creates no substantive rights, and requires the existence of a justiciable controversy." *Easley v. Fed. Nat. Mortg. Ass'n*, No. 4-10-cv-3734, 2011 WL 6002644, at *6 (S.D. Tex. Nov. 30, 2011) (citation omitted); *see also Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 239-41 (1937); *Lowe v. Ingalls Shipbuilding*, 723 F.2d 1173, 1177 n.4 (5th Cir. 1984). Plaintiff's claim for declaratory relief therefore is dependent on his other claims. Because Plaintiff has failed to allege an underlying justiciable claim demonstrating that the foreclosure sale was in violation of the terms of the security agreement, the Court denies Plaintiff's request for a declaratory judgment. *See Bell v. Bank of Am. Home Loan Servicing L.P.*, No. 4:11-cv-2085, 2012 WL 568755, at *8 (S.D. Tex. Feb. 21, 2012).[7]

## IV. **CONCLUSION**

For the foregoing reasons, it is hereby

**ORDERED** that Defendants' Motion for Summary Judgment [Doc. # 23] is

---

[7] Additionally, Plaintiff raises a number of defenses to acceleration and sale. Defendants have raised no counterclaims. Accordingly, the Court does not address these defenses.

**GRANTED.**  It is further

**ORDERED** that Plaintiff's request in the Original Petition for a Temporary Restraining Order and Temporary Injunction until the merits of the claims alleged in the lawsuit are decided is **DENIED as MOOT.**  It is further

**ORDERED** that Plaintiff Randall H. Browning's Motion for Leave to File First Amended Complaint [Doc. # 24] is **DENIED.**  It is further

**ORDERED** that Plaintiff's request for leave to file a separate response to Defendants' Motion for Summary Judgment is **DENIED as untimely.**

A separate final judgment will issue.

SIGNED at Houston, Texas, this 26th day of **June, 2013.**

*[Signature: Nancy F. Atlas]*

Nancy F. Atlas
United States District Judge